IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NUMBER: 1:06-1254 (MBS) |
| | ) | |
| v. | ) | |
| | ) | |
| KELVIN BADGER | ) | NOTICE OF INTENT TO USE |
| a/k/a "K-Badge" | ) | EVIDENCE UNDER RULE 404(b) |
| | ) | |

The United States of America, through its undersigned Assistant United States Attorney, hereby gives notice to the Defendant of its intent to use the following pursuant to Fed. R. Evid. 404(b), Fed. R. Evid. 609 or as evidence admissible pursuant to any other accepted legal theory:

(A)  Evidence (certified copies of sentencing sheets) establishing Badger's conviction for Trafficking in Cocaine 10-28 grams on August 27, 2001 for which he received a three (3) years sentence;

(B)  Evidence (certified copies of sentencing sheets) establishing Badger's conviction for Distribution of Marijuana on August 27, 2001 for which he received a five (5) year sentence suspended on three (3) years;

(C)  Evidence establishing Badger's intent to have Anthony Worthy claim responsibility for the drugs that Investigator Jeff Croft saw him throw out of his truck window on April 22, 2006 so that Badger could get out on bond and kill Investigator Croft ;

The United States asserts matters (A) and (B) are admissible to demonstrate Badger's knowledge of the drug trade and his intent to distribute illegal drugs. See United States v. Hodge, 354 F.3d 305, 311-12 (4th Cir. 2004); United States v. Sanchez, 118 F.3d 192, 196 (4th Cir. 1997); United States v. Sappleton, 68 Fed. Appx. 438 (4th Cir. 2003); United States v. McLean, 182 Fed. Appx. 165 (4th Cir. 2006) .

That is the previous convictions bear directly upon an essential, disputed element of the charged crime, that element being intent to distribute.

The Government asserts the evidence set forth above in matters (A) and (B) would also be admissible pursuant to Rule 404(b), Rule 609(a) and 609(b), in the event the defendant takes the stand in his own defense.

The Government asserts that the evidence set forth in matter (C) is admissible to prove consciousness of guilt and criminal intent under Rule 404(b) because the evidence is (1) related to the offense charged[1] and (2) reliable.[2]  Evidence of witness intimidation is admissible to prove consciousness of guilt and criminal intent under Rule 404(b) if the above two conditions are met.  United States v. Hayden, 85 F. 3d 153, at 159 (4th Cir. 1996).  See also United States v. Billups, 643 F. 2d 320, 330 (4th Cir. 1982).

This notice is intended only to provide notice of the general nature of the evidence the government intends to introduce pursuant to Rules 404(b), 609(a), 609(b) or pursuant to any other legally accepted theory.  Counsel for the Defendant may contact the undersigned Assistant United States Attorneys if there is any question

---

[1] Both Anthony Worthy and Tony Smith in their video taped interviews (that were provided in discovery) state that Badger told them of a plan to get out on bond so that he could kill Investigator Jeff Croft, the only witness against him on Count 2 (incident on April 22, 2006) of his indictment.  The Government intends to introduce this evidence through both of these witnesses.

[2] The Government will show that this evidence is reliable because both Worthy and Smith independently came to law enforcement to tell them of Badger's plan.  Smith also came forward because he was concerned about the plan to kill a police officer and he was made no promises at all in return for giving law enforcement this information.

concerning the nature and use of such evidence.

The United States reserves the right to amend this notice.

>Respectfully Submitted,
>REGINALD I. LLOYD
>UNITED STATES ATTORNEY
>
>BY: s/ J.D. Rowell
>J.D. Rowell(Fed. ID. 9802)
>Assistant United States Attorney
>1441 Main Street, Suite 500
>Columbia, South Carolina 29201

September 2, 2007