1

```
 1                     UNITED STATES DISTRICT COURT
                        DISTRICT OF SOUTH CAROLINA
 2                           AIKEN DIVISION

 3    -------------------------------

 4    UNITED STATES OF AMERICA            CR NO.: 1:06-1254
                                          Columbia, SC
 5       -vs-                             June 18, 2008

 6    KELVIN BERNARD BADGER,

 7              Defendant

 8    -------------------------------

 9
                      BEFORE HON. MARGARET B. SEYMOUR
10                  UNITED STATES DISTRICT COURT JUDGE
                           SENTENCING HEARING
11

12    APPEARANCES:

13
      FOR GOVERNMENT:     HON. W. WALTER WILKINS
14                        UNITED STATES ATTORNEY
                          BY:  J.D. ROWELL
15                        Assistant United States Attorney
                          1441 Main Street
16                        Columbia, SC  29201

17    FOR DEFENDANT:      ROBERT J. HARTE, ESQ.
                          P.O. Box 1959
18                        Aiken, SC  29802

19                        GLENN WALTERS, ESQ.
                          P.O. Box 1346
20                        Orangeburg, SC  29116

21

22    COURT REPORTER:     DANIEL E. MAYO, CSR, RDR
                          Certified Realtime Reporter
23                        901 Richland Street
                          Columbia, SC  29201
24

25              STENOTYPE/COMPUTER-AIDED TRANSCRIPTION
```

1    THE COURT:  Mr. Rowell?
2    MR. ROWELL:  Good morning your Honor.  The first case
3  is United States versus Kelvin Bernard Badger, criminal number
4  1:06-1254.  Your Honor, Mr. Badger is present represented by
5  counsel, Mr. Harte and Mr. Walters.  We're here for a
6  sentencing hearing.
7    THE COURT:  All right.  Thank you.  Mr. Badger, you
8  may come forward with your attorneys.  Mr. Badger, have you had
9  an opportunity to review the presentence report?
10    DEFENDANT:  Yes, ma'am.
11    THE COURT:  Mr. Harte and Mr. Walters, have you also
12  reviewed that report?
13    MR. WALTERS:  Yes, ma'am.
14    MR. HARTE:  Yes, your Honor.
15    THE COURT:  Are there any objections to the report?
16    MR. WALTERS:  No objection, ma'am.
17    MR. HARTE:  No.
18    THE COURT:  There being no objections, as findings of
19  fact of this court for the purpose of sentencing, the court
20  finds that the custody minimum maximum sentence on count one is
21  ten years, count two is mandatory life.  Supervised release on
22  count one is not more than three years and count two at least
23  ten years.  Probation is prohibited.  The fine on count one is
24  $250,000 and count two $8 million.  The special assessment fee
25  is $100 for count one and $100 for count two.

1    The guideline provisions are as follows:  The total
2    offense level is 37, the criminal history category is six.
3    Probation is prohibited.  The guideline range is life
4    imprisonment with the statutorily required minimum sentence of
5    imprisonment.  When the statutorily required minimum term of
6    imprisonment is greater than the applicable guideline range,
7    which is 360 to life, the statutorily required minimum term of
8    imprisonment becomes the guideline sentence, ten years of
9    supervised release and a $200 special assessment fee.
10   Any objection to the statutory or guideline range?
11   MR. HARTE:  No objection, your Honor.
12   MR. WALTERS:  No objection, your Honor.
13   MR. ROWELL:  No, ma'am.
14   THE COURT:  The court adopts the previously stated
15   provisions.  At this time I'll hear from the attorneys for Mr.
16   Badger with regard to the sentence to be imposed.
17   MR. HARTE:  Your Honor, my understanding is your Honor
18   does not have any discretion in this matter and Kelvin will
19   receive a life sentence.  I will tell you that his family is
20   here with him today.  He and I have worked together I guess for
21   well over a year on state charges as well as the federal
22   adopted charges.  He has been a pleasant young man, he's never
23   given me the the least bit of trouble.  I think he would do
24   well if he didn't have this life sentence.
25   THE COURT: Anything from you, Mr. Walters?

1      MR. WALTERS:  May it please the court, your Honor, of
2  course, my client inquired as to his incarceration.  His family
3  is in Barnwell, and, of course, he indicated that they are near
4  the facility located in Estill.
5      THE COURT:  I beg your pardon?
6      MR. WALTERS:  In Estill, South Carolina.
7      THE COURT:  All right.  Mr. Badger, do you have any
8  statements that you would like to make on your behalf?
9      DEFENDANT:  No, ma'am.
10     THE COURT:  All right.  Is there anything from the
11 government?
12     MR. ROWELL:  No, ma'am.
13     THE COURT:  Is there anything else?
14     MR. HARTE:  No, your Honor.
15     MR. ROWELL:  No, ma'am.
16     THE COURT:  All right.  Mr. Badger, having calculated
17 and considered the advisory sentencing guidelines, and having
18 also considered the relevant statutory sentencing factors that
19 are contained in Title 18 United States Code, Section 3553(a),
20 it is the judgment of the court that the defendant Kelvin
21 Bernard Badger is hereby committed to the custody of the Bureau
22 of Prisons to be imprisoned for a term of life.  This term
23 consists of 120 months as to count one, and life as to count
24 two, these terms to run concurrently.  These terms reflect the
25 statutorily required sentence pursuant to 21 United States Code

Section 841(a)(1), (b)(1)(A) and 851, and the United States Sentencing Guidelines Section 5G1.1(b). The guideline provisions states that where a statutorily required minimum is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. In this case, it is life.

According to the Fourth Circuit's decision in the United States versus Kratsas, the court finds that when a defendant is facing a sentence of life the court must apply the three-prong test articulated by the Supreme Court in Solem, recognizing that an extensive proportionality analysis is required in cases involving a life sentence.

Applying the Solem case's first prong, the defendant's offense was extremely grave because drug use is a pervasive, destructive force in American society. The quantity of drugs attributable to the defendant as well as his admission that he earned his living selling drugs reflects he was not merely a user or even a single distributor of the drugs, but was a major supplier of powder cocaine, crack cocaine, and marijuana, and that the defendant had discussed his plans to murder one of the investigators in the case for the purpose of eliminating him as a government witness.

Applying Solem's second prong, the court finds that a life sentence for a major drug violation is not disproportionate in comparison with other sentences under the

6

    1  guidelines.  Applying Solem's third prong, the court finds that
    2  a review of state statutes within this circuit disclose the
    3  existence of similarly severe sentences for drug cases of the
    4  magnitude involved in this case.  This court has also compared
    5  this sentence with other sentences of this magnitude imposed by
    6  this court and finds that a life sentence without parole is
    7  appropriate in this case.
    8         It does not appear that you have the ability to pay a
    9  fine; therefore, the fine is waived.  You shall pay the $200
   10  mandatory special assessment fee, and this consists of $100
   11  each as to counts one and counts two.
   12         If you are released from imprisonment you will be
   13  placed on supervised release for a term of ten years.  This
   14  term consists of three years as to count one and ten years as
   15  to count two, these terms to run concurrently.  Within 72 hours
   16  of your release from of the custody of the Bureau of Prisons
   17  you shall report in person to the probation office in the
   18  district to which you are released.
   19         While you are on supervised release you shall comply
   20  with the mandatory and standard conditions of supervision that
   21  are outlined in Title 18 United States Code Section 3583(d),
   22  and you shall also comply with the following special condition:
   23  You shall satisfactorily participate in a substance abuse
   24  treatment program, to include urinalysis, as approved by the
   25  United States Probation Office.

1              The findings of fact of the presentence report are
2     adopted as the reasons and incorporated by reference.
3              Any objection to the form of the sentence?
4              MR. ROWELL:  Not from the government.
5              MR. HARTE:  No, your Honor.
6              MR. WALTERS:  No, your Honor.
7              THE COURT:  Mr. Badger, you are advised that a
8     criminal defendant has the right to appeal a sentence in
9     certain circumstances, and you should discuss carefully with
10    your lawyers as to whether or not you are entitled to an appeal
11    in this case.  With few exceptions, any notice of appeal must
12    be filed within ten days after judgment in your case is
13    entered.  Do you understand that?
14             DEFENDANT:  Yes, ma'am.
15             THE COURT:  All right.  I will make a recommendation
16    that Mr. Badger be incarcerated at a facility that would place
17    him close to his family.  Anything else?
18             MR. HARTE:  No, your Honor.
19             MR. WALTERS:  No, your Honor.
20             MR. ROWELL:  No, ma'am.
21             THE COURT:  All right.
22             MR. WALTERS:  Thank you.
23             (Recess, 10:41 a.m.)
24
25

8

1
2            I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled matter.
3
4    Date:  2-6-09                              s/   Daniel E. Mayo

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25