IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:06-1254 |
| vs. ) | |
| ) | |
| Kelvin Bernard Badger, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

On September 20, 2007, Defendant Kelvin Bernard Badger was found guilty by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 1); and possession with intent to distribute a quantity of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D) (Count 2).

A presentence investigation report ("PSR") was prepared that attributed to Defendant 53.48 grams of cocaine base, and 492.28 grams of cocaine, and 883.9 grams of marijuana, for a total marijuana equivalent of 1,168.8 kilograms. Defendant had a criminal history score of 4, for a criminal history category of II. However, Defendant was deemed to be a career offender based on a conviction for possession with intent to distribute marijuana in the Barnwell County General Sessions Court, Barnwell, South Carolina, on August 27, 2001; and a conviction for trafficking in cocaine, 1st offense, in the Barnwell County General Sessions Court on August 27, 2001. Thus, Defendant's criminal history became VI under U.S.S.G. § 4B1.1. Defendant's base offense level for the felon in possession charge was 24. He received a 2-level increase for obstructing justice, for an adjusted offense level of 26. Defendant's base offense level for the drug charges was 30. Defendant received a 2-level increase for obstructing justice, for a combined offense level of 33.

Because he was deemed to be a career offender, his offense level under § 4B1.1 became 37. Defendant's statutory sentence for Count 1 was ten years maximum, and his statutory sentence for Count 2 was a mandatory life sentence. On June 18, 2008, Defendant was sentenced to incarceration for a term of life, consisting of 120 months as to Count 1 and life as to Count 2, to run concurrently, to be followed by a term of supervised release for 10 years. Judgment was entered on June 19, 2008. The judgment was amended on October 3, 2011 to correct a clerical error.

On February 1, 2019, Defendant, proceeding pro se, filed a motion to reduce sentence pursuant to the First Step Act of 2018. A supplemental motion was filed on March 19, 2019 through counsel. The court entered an amended judgment on March 27, 2019, in which the court reduced Defendant's sentence to a total term of 360 months, consisting of 120 months as to Count 1 and 360 months as to Count 2, to run concurrently. Defendant appealed. On July 22, 2020, the Court of Appeals for the Fourth Circuit remanded the matter for further proceedings in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). The mandate was issued on August 28, 2020.

The USPO filed an amended sentence reduction report on August 21, 2020. Using current calculations, Defendant is attributed 1,168.8 kilograms of marijuana equivalent. His base offense level is 24, plus a 2-level increase for obstruction of justice, for a total offense level of 26. However, as a career offender, Defendant's total offense level remains at 37 with no adjustment for acceptance of responsibility. Defendant also remains at a criminal history category of VI, for guidelines range of 360 months to life in prison.

Defendant, through counsel, filed a supplemental motion to reduce sentence on September 4, 2020, asking the court to apply a 1:1 variance and to impose a variance because, if sentenced today, Defendant would not be considered to be a career offender. Defendant also requests the court

consider his post-sentencing conduct and reduce his sentence to 97 months' imprisonment. The government filed a response in opposition on September 21, 2020, to which Defendant filed a reply on September 28, 2020.

## DISCUSSION

A.     Statutory Mandatory Minimum Sentence

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Defendant therefore falls under § 841(b)(1)(B), which provides that a person with a prior conviction for a serious drug felony or serious violent felony is subject to being sentenced to a term of not less than 10 years and not more than life imprisonment, to be followed by a term of supervised release for 8 years.

B.     Sentencing Guidelines Calculations

Defendant first argues that, if he were sentenced now, he would be given the benefit of a 1:1 cocaine base-to-cocaine ratio. In this case, adding together the drugs attributed to Defendant and giving him the benefit of a 1:1 ratio, Defendant's drug weight would equal 545.86 grams of cocaine (53.48 grams of cocaine base plus 492.28 grams of cocaine), for a base offense level of 24. Factoring in a 2-level increase for obstruction of justice, Defendant's total offense level would be 26. However, because Defendant has been deemed a career offender, his total offense level remains at 37, as currently set forth in the sentence reduction report. Absent the career offender designation, and applying a criminal history category of III, Defendant's guidelines range would be 78-97 months of imprisonment. However, because of the statutory minimum sentence of 10 years, Defendant's

guidelines range would be 120 months.

In <u>United States v. Wirsing</u>, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence.  Further, in <u>United States v. Chambers</u>, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases.  The Fourth Circuit further determined that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence.  <u>Id.</u>

Defendant urges the court to apply a modified categorical approach to find that Defendant's prior conviction for trafficking cocaine under S.C. Code Ann. § 44-53-370(e) involved only possession, and not possession with intent to distribute, and thus does not satisfy the requirements for a predicate offense under U.S.S.G. § 4B1.1.  <u>See</u>  ECF No. 190-1, ¶ 35.  The government correctly points out that only retroactive errors can be corrected at resentencing, and that the Fourth Circuit has not ruled that trafficking in cocaine under S.C. Code Ann. § 44-53-370(e) is not a predicate offense.  The government concedes that the court may consider the § 3553(a) factors in determining whether to grant a variance.  Nevertheless, the government asserts that the § 3553(a) factors do not support a reduction in sentence.  The government recites that, at the time of his conviction, Defendant was a known drug trafficker who attempted to conspire with others to make bond so he could kill the Barnwell County Sheriff's Deputy who arrested him.  The government notes that Defendant has been disciplined during his incarceration for possession of a cell phone, Suboxone, drugs, and alcohol.

The record includes Defendant's Individualized Reentry Plain, which shows that Defendant has completed his GED and has taken numerous health, education, and self-help classes.  It appears

that Defendant had maintained clear conduct for six months but that he has not secured employment or enrolled in any new programs since his last review. Defendant's long term goals include:

> *Complete a Vocational or Educational Program of choice OR the Criminal Thinking class within the next twelve (12) months. (07/2021)
> *Work on securing a social security card and birth certificate within the next twenty-four (24) months. (07/2022)
> *Continuing working on maintaining clear conduct for the next twenty-four (24) months. (07/2022)
> *Enroll in the Non-Resident Drug Treatment Program within the next twenty-four (24) months. (07/2022)

ECF No. 191-1, 2.

Defendant's sister states that she wishes for Defendant to work with her preparing inspirational books and videos, and that Defendant plans to enroll in a technology or welding program for potential employment. Defendant has submitted correspondence from his parents, the mother of his children, and a community member showing support for his release. ECF Nos. 191-2 to 191-5. Defendant also indicates that he has commenced writing a book to help youths make better decisions. ECF No. 191-6.

Defendant has received credit for time served since July 24, 2006. His current projected release date is July 12, 2036.

## CONCLUSION

The court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

and the need to avoid unwarranted sentence disparities.  The court must take into consideration whether Defendant would be a danger to the community if released.  The evidence adduced at trial showed that Defendant not only was involved in the drug trade, but he had access to weapons, led law enforcement on a high speed chase subsequent to an attempted drug transaction, and discussed plans to murder a law enforcement officer.

On the other hand, Defendant has taken admirable steps to rehabilitate himself while incarcerated.  The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 300 months, consisting of 120 months as to Count 1 and 300 months as to Count 2, to be served concurrently, to be followed by a term of supervised release for 3 years as to Count 1 and 8 years as to Count 3, to be served concurrently.  All other provisions of the judgment entered March 27, 2019 remain in effect.  Defendant is encouraged to meet his long term goals and maintain a clear record.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 25, 2021